NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0865-15T4
STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TONY HULLUM, a/k/a JAMES HOLMES,
ANTHONY HULLUM, ANTHONY D. HULLUM,
and TONY D. HOLLUM,

 Defendant-Appellant.

________________________________________________________________

 Submitted March 21, 2017 – Decided July 18, 2017

 Before Judges Rothstadt and Sumners.

 On appeal from the Superior Court of New
 Jersey, Law Division, Somerset County,
 Indictment No. 13-07-0412.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alan I. Smith, Designated
 Counsel, on the brief).

 Michael H. Robertson, Somerset County
 Prosecutor, attorney for respondent (Lauren
 Martinez, Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 A jury convicted defendant Tony Hullum of third-degree

possession of a controlled dangerous substance (CDS), cocaine,
N.J.S.A. 2C:35-10(a)(1). The court sentenced him to a term of

three years in prison.

 On appeal, defendant argues:

 POINT I

 SINCE THE WARRANTLESS SEARCH OF
 DEFENDANT'S INVENTORIED CLOTHING
 WAS NOT RELATED TO INSTITUTIONAL
 SECURITY AT THE SOMERSET COUNTY
 JAIL, AND SINCE THERE DID NOT EXIST
 PROBABLE CAUSE OR AN EXIGENCY TO
 JUSTIFY THE WARRANTLESS SEARCH, THE
 TRIAL COURT ERRED IN DENYING
 DEFENDANT'S MOTION TO SUPPRESS
 BECAUSE THE WARRANTLESS SEARCH OF
 DEFENDANT'S INVENTORIED CLOTHING
 WAS A PRETEXT THAT VIOLATED
 DEFENDANT'S FOURTH AND FOURTEENTH
 AMENDMENT RIGHTS.

 POINT II

 DEFENDANT'S CONVICTION SHOULD BE
 REVERSED BECAUSE OF PROSECUTORIAL
 "OVERZEALOUSNESS" IN SUMMATION (NOT
 RAISED BELOW).

 POINT III

 THE THREE (3) YEAR CUSTODIAL
 SENTENCE IMPOSED ON DEFENDANT'S
 CONVICTION FOR THIRD DEGREE
 POSSESSION OF COCAINE WAS
 MANIFESTLY EXCESSIVE.

 We conclude from our review of the record and applicable

legal principles that defendant's arguments are without merit.

We affirm.

 2 A-0865-15T4
 Turning first to defendant's challenge to the denial of his

suppression motion, the undisputed facts established at the

suppression hearing are summarized as follows. Defendant was

stopped by police for a motor vehicle violation. Because he could

not produce a license and failed to properly identify himself, he

was arrested, initially placed in a police headquarters' lock-up,

and then transferred to the county jail. During his arrest and

incarceration, he was subjected to several searches and "pat-

downs" that did not yield any CDS. While he was in the county

jail, his clothes were inspected after he removed them as part of

his processing that included a strip search and changing into jail

clothing. Again, no CDS was discovered. According to the officer

who testified at the hearing, defendant's clothing was placed in

a bag, tagged with his name and "locked in the secured area in

[the jail's] basement[, the] clothing bag storage area."

 Thirteen hours after his arrest, and while he was in the

jail, the officer received an anonymous call informing him that

defendant had CDS secreted in his pants, in a compartment located

"in the flap of the jeans, by the zipper, [where] there should be

a cut with possibly drugs hidden in that area." A further

inspection of the pants based upon the information supplied by the

caller revealed CDS. As a result, defendant was charged with

possession.

 3 A-0865-15T4
 At his suppression hearing defendant argued that the

warrantless search of his clothing violated his constitutional

rights. On March 30, 2015, Judge Julie M. Marino issued a nine-

page written decision denying defendant's motion. Relying on the

reasoning stated in State v. Adams, 132 N.J. Super. 256 (Law Div.

1975) - which followed our Supreme Court's holding in State v.

Mark, 46 N.J. 262, 278 (1966) - and citing to U.S. v. Grill, 484

F. 2d 990 (5th Cir. 1973), cert. denied, 416 U.S. 989, 94 S. Ct.

2396, 40 L. Ed. 2d 767 (1974), the judge concluded that "no

reasonable expectation of privacy was breached by an officer's

taking a second look at the items."

 Defendant argues that the judge's legal conclusion was

erroneous. He contends that there was no institutional security

need to reexamine his pants and that the search was merely a

pretext for finding incriminating evidence against him. Moreover,

there was no evidence about the reliability of the anonymous caller

to justify the warrantless search and to allow law enforcement to

search his clothes, which, he asserts, amounted to a violation of

his due process rights. We disagree.

 "In our review of the trial court's decision denying the

motion to suppress, we 'must uphold the factual findings underlying

the trial court's decision so long as those findings are supported

by sufficient credible evidence in the record.'" State v.

 4 A-0865-15T4
Robinson, ___ N.J. ___, ___ (2017) (slip op. at 23-24) (quoting

State v. Rockford, 213 N.J. 424, 440 (2013)). However, "[w]e owe

no deference to a trial . . . court's interpretation of the law,

and therefore our review of legal matters is de novo." Id. at 24

(quoting State v. Hathaway, 222 N.J. 453, 467 (2015)).

 Our de novo review of Judge Marino's application of the

controlling law to her factual findings leads us to conclude that

the judge correctly denied defendant's suppression motion. We

affirm essentially for the reasons expressed by the judge in her

thorough written decision. We add only the following comments.

 The Supreme Court of the United States (SCOTUS) has broadly

stated "the Fourth Amendment proscription against unreasonable

searches does not apply within the confines of the prison cell,"

Hudson v. Palmer, 468 U.S. 517, 526, 104 S. Ct. 3194, 3200, 82 L.

Ed. 2d 393, 402-03 (1984), but a pre-trial detainee is protected

by a "diminished expectation of privacy," that must yield to an

institution's security interests. Bell v. Wolfish, 441 U.S. 520,

557, 99 S. Ct. 1861, 1883, 60 L. Ed. 2d 447, 480 (1979). In

Hudson, SCOTUS concluded that determining the reasonableness of

an expectation of privacy "entails a balancing of interests," and,

in the prison setting, the penal institution's interest in

maintaining security outweighs the prisoner's privacy interests

 5 A-0865-15T4
in his cell. Hudson, supra, 468 U.S. at 527-28, 104 S. Ct. at

3200-01, 82 L. Ed. 2d at 403-04.

 The New Jersey Supreme Court has taken a similar approach.

Our Court has recognized that "[p]rison walls do not form a barrier

separating prison inmates from the protections of the

Constitution." In re Rules Adoption Regarding Inmate Mail to

Attys., 120 N.J. 137, 146-47 (1990) (alteration in original)

(quoting Turner v. Safley, 482 U.S. 78, 84, 107 S. Ct. 2254, 2259,

96 L. Ed. 2d 64, 75 (1987)); see also Jackson v. Dep't of Corr.,

335 N.J. Super. 227, 232 (App. Div. 2000) ("Inmates do not shed

all of their constitutional rights at the prison gate."), certif.

denied, 167 N.J. 630 (2001). Nonetheless, the special needs of

the institution have been held to justify intrusions that would

not be permitted outside the institution. Hamilton v. N.J. Dep't

of Corr., 366 N.J. Super. 284, 291-92 (App. Div. 2004) (rejecting

challenge to taking of a urine sample of a convicted inmate,

without a warrant, based on an anonymous tip).

 A pre-trial detainee is "cloaked with the presumption of

innocence. While that cloak may not shield him or his property

from the prying eyes of his jailors in their efforts to maintain

institutional security, it will insulate him from surreptitious

attempts of the prosecutor to obtain evidence without the benefit

of a warrant." State v. Jackson, 321 N.J. Super. 365, 379 (Law

 6 A-0865-15T4
Div. 1999); see also United States v. Cohen, 796 F.2d 20 (2d Cir.)

(holding that search of pretrial detainee's cell at the behest of

the prosecutor for the purpose of finding incriminating evidence

was unconstitutional), cert. denied, 479 U.S. 854, 107 S. Ct. 189,

93 L. Ed. 2d 122 (1986). It will not insulate a pre-trial detainee

from searches seeking "weapons, drugs and other contraband [that]

present a serious danger to institutional order within the prison

environment." Jackson, supra, 321 N.J. Super. at 373.

 Applying these guiding principles, we conclude that there was

nothing pretextual about the search of defendant's clothing or

that it was done at the behest of a prosecutor seeking to gather

evidence. Rather, the sheriff's department, having already

searched and properly taken custody of defendant's clothing and

having then received information that the clothes might contain

CDS, did not violate defendant's constitutional right of privacy

while he was incarcerated. The removal of CDS from the jail,

wherever it was located, justified the search.

 Next, we address defendant's contention about the impropriety

of the prosecutor's remarks about the CDS found in defendant's

pants during summation. Defendant, who did not testify at trial,

takes issue with the prosecutor's reference to there being no

evidence that the pants belonged to someone else or that anyone

tampered with the clothing. According to defendant, these

 7 A-0865-15T4
references were tantamount to the prosecutor improperly commenting

on defendant's right to not testify or produce any other evidence

in his defense. We disagree.

 Initially, we observe that defendant did not object at trial

to the prosecutor's comments. When a defendant raises an issue

for the first time on appeal, we review the issue for plain error,

that is, error that "is of such a nature as to have been clearly

capable of producing an unjust result." R. 2:10-2. The error

must have been "sufficient to raise a reasonable doubt as to

whether the error led the jury to a result it otherwise might not

have reached." State v. McGuire, 419 N.J. Super. 88, 106-07 (App.

Div.) (quoting State v. Taffaro, 195 N.J. 442, 454 (2008)), certif.

denied, 208 N.J. 335 (2011). Additionally, "[t]he failure to

object suggests that defense counsel did not believe the remarks

were prejudicial at the time they were made. The failure to object

also deprives the court of an opportunity to take curative action."

State v. Frost, 158 N.J. 76, 84 (1999).

 We discern no error attributable to the prosecutor's remarks

in this case. We acknowledge that we have repeatedly "caution[ed]

against comments by prosecutors which may adversely affect an

accused's Fifth Amendment rights[, stating that a] prosecutor

should not either in subtle or obvious fashion draw attention to

a defendant's failure to testify." State v. Engel, 249 N.J. Super.

 8 A-0865-15T4
336, 382 (App. Div.), certif. denied, 130 N.J. 393 (1991).

"Contrary to defendant['s] assertion, [however,] we do not find

in the prosecutor's remarks a studied attempt to comment on [his]

election not to testify." Id. at 381. Rather, the prosecutor

fairly commented upon what the evidence in the case demonstrated,

without attributing the lack of evidence either directly or

indirectly to an obligation on defendant to produce the evidence.

There was no error.

 Finally, we address defendant's contentions regarding his

three-year sentence being excessive. As defendant acknowledges,

the sentencing judge found three aggravating factors, the risk

defendant would reoffend, N.J.S.A. 2C:44-1(a)(3), the extent of

defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6), and the

need for deterrence, N.J.S.A. 2C:44-1(a)(9), while also finding

one mitigating factor, defendant's addiction, N.J.S.A. 2C:44-

1(b)(4). Defendant's only challenge to the sentence is that those

findings did not support the sentence he received.

 We find defendant's argument to be without sufficed merit to

warrant discussion in a written opinion. R. 2:11-3(e)(2). Suffice

it to say, we discern no abuse of the judge's discretion in

imposing the three-year term. See State v. Fuentes, 217 N.J. 57,

70 (2014); State v. Roth, 95 N.J. 334, 364-65 (1984).

 Affirmed.

 9 A-0865-15T4